UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BABAK PAYROW,

    Plaintiff,

v.                                                     Case No. 8:22-cv-520-TPB-JSS

CHAD CHRONISTER, in his official
capacity as Sheriff of Hillsborough
County, and DAVID CLOUD, in his
individual capacity,

    Defendants.
_____/

### ORDER GRANTING "DEFENDANTS', CHAD CHRONISTER AND DAVID CLOUD, MOTION TO DISMISS"

This matter is before the Court on "Defendants', Chad Chronister and David Cloud, Motion to Dismiss," filed on March 14, 2022.  (Doc. 3).  Plaintiff filed a response in opposition on May 3, 2022.  (Doc. 12).  Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background[1]

Plaintiff Babak Payrow alleges that on November 29, 2017, he was waiting for a ride at an intersection near his home.  Defendant David Cloud, a law

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

enforcement officer employed by the Hillsborough County Sheriff's Office, drove his patrol car past Plaintiff. Plaintiff began to walk home because his transportation had not arrived. Cloud performed a U-turn, approached Plaintiff from behind, and shone a spotlight on Plaintiff, causing him to turn around. Cloud emerged from his patrol car with his hand on his weapon and assumed a "tactical" position. Cloud observed there were no objects in Plaintiff's hands. Nevertheless, when Plaintiff backed away a few steps and turned to continue walking home, Cloud shot him three times in the back. Emergency medical responders took Plaintiff to a hospital.

Based on Cloud's unfounded assertion that Plaintiff approached him brandishing a deadly weapon, Plaintiff was arrested, booked, and charged with aggravated assault on a law enforcement officer and attempted murder of a law enforcement officer. The State entered a *nolle prosequi* as to the assault charge, and Plaintiff was acquitted after a jury trial on the attempted murder charge. Plaintiff sustained permanent injury from the shooting and was in custody for two years leading up to the trial.

Plaintiff sued Cloud in his individual capacity and Chad Chronister, the Hillsborough County Sheriff, in his official capacity as head of the Hillsborough County Sheriff's Office (the "Sheriff"). The complaint alleges claims for excessive force under Florida law against the Sheriff (Count I), unnecessary/excessive force under 42 U.S.C. § 1983 against Cloud (Count II), false arrest under Florida law against the Sheriff (Count III), false imprisonment under Florida law against the

Sheriff (Count IV), and false arrest under § 1983 against Cloud (Count V). Defendants have moved to dismiss the complaint.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Shotgun Pleading*

Defendants move to dismiss the complaint as a whole as a shotgun pleading, arguing that it impermissibly incorporates the allegations of each preceding count into each succeeding count. *See, e.g., Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (identifying over-incorporation as one type of shotgun pleading "sin"). The complaint, however, does not do that. Each count incorporates by reference only specified paragraphs of the general allegations. The motion to dismiss based on this shotgun pleading argument is therefore denied.

Defendants next offer two shotgun pleading arguments directed to Count II. First, they complain that Count II improperly incorporates by reference paragraph 2 of the general allegations. Count II appears to be pled only against Cloud individually, while paragraph 2 identifies the Sheriff and states that suit is brought against him in his official capacity. To avoid confusion, paragraph 2 should not have been incorporated into Count II, and should be removed. This same issue exists with respect to Count V, which is also pled only against Cloud but incorporates paragraph 2.

Defendants also argue that Count II impermissibly asserts four separate and distinct federal claims in one count. *See Weiland*, 792 F.3d at 1322-23 (holding that the shotgun pleading rule is violated when a complaint fails to separate each cause of action or claim for relief into a separate count). This argument is based on parenthetical language found in the title of Count II, "Unnecessary/Excessive Use of

Force (Aggravated Assault; Attempted Murder; Aggravated Battery) Against Cloud, Individually, Cognizable under 42 U.S.C. § 1983." The parenthetical reference to aggravated assault, attempted murder, and aggravated battery creates confusion, because the allegations in Count II otherwise appear to assert a single § 1983 claim based on a violation of the Fourth Amendment. If Plaintiff intends this count to assert only the § 1983 Fourth Amendment claim set forth in the count's allegations, then he should delete the confusing parenthetical from the title. If Plaintiff is trying to assert other claims, he should plead them in separate counts.

Accordingly, Counts II and V are dismissed without prejudice and with leave to amend.

**§ 768.28, F.S.**

Defendants argue that the Florida law counts against the Sheriff (Counts I, III, and IV) are defective because they allege willful, malicious, and bad faith actions by Cloud, which precludes imposition of liability against the Sheriff under § 768.28(9)(a), *F.S.* That section provides:

> The state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

It is true that the complaint does not expressly allege that Cloud acted with willfulness, malice, or bad faith. However, Plaintiff alleges that Cloud stopped Plaintiff, shot him in the back multiple times, apparently without warning and without any even arguable justification, and then falsely "concocted" an

"unfounded" claim that Plaintiff had approached him brandishing a weapon, which was then used as a basis for arresting and charging Plaintiff. These allegations necessarily impute to Cloud willfulness, malice, or bad faith. *See, e.g., Gregory v. Miami-Dade Cty., Fla.*, 719 F. App'x 859, 873-74 (11th Cir. 2017) (holding the district court properly dismissed a complaint that alleged a police officer shot the deceased six times in the back, even though he had not committed a crime, resisted arrest, or threatened the officer).[2] Accordingly, Counts I, III, and IV are dismissed without prejudice and with leave to amend.

To avoid any confusion going forward, the Court must address Plaintiff's assertions that his Florida law counts against the Sheriff do not rely on a theory of *respondeat superior* and that *respondeat superior* does not apply to municipalities (nor, presumably, to the Sheriff). Plaintiff is incorrect. The allegations in these counts that Cloud acted as the "agent" and "employee" of the Sheriff and in the course and scope of his employment plainly assert liability based on *respondeat superior*. Contrary to Plaintiff's contention, under Florida law, in contrast to federal claims under § 1983, a governmental entity may be liable on a theory of *respondeat superior* for negligent or intentional actions of its employees, to the

---

[2] *See also Garviria v. Guerra*, No 17-23490-CIV-ALTONAGA/Goodman, 2018 WL 1876124, at *1, 9-11 (S.D. Fla. Apr. 19, 2018) (dismissing battery claim against county where complaint alleged that officers tasered the plaintiff without cause, used excessive force to restrain and handcuff him, punched him while he lay on the ground, and then presented a fabricated version of the events to other officers); *Max Junior Printemps v. Miami Dade Cty., Fla.*, No 1:17-cv-20268-UU, 2017 WL 2555631, at *3 (S.D. Fla. June 9, 2017) (dismissing false arrest claim against county where complaint alleged that the false arrest resulted from the arresting officer's knowingly giving false information to the State Attorney's office).

extent allowed by § 768.28, *F.S.* *See, e.g.*, *Brown v. City of Clewiston,* 848 F.2d 1534, 1543 n.18 (11th Cir. 1988); *Eddy v. City of Miami*, 715 F. Supp. 1553, 1557 (S.D. Fla. 1989).   Accordingly, if Plaintiff intends to assert claims against the Sheriff on a theory of liability other than *respondeat superior,* he must plead these claims in separate counts.

*Liability Under § 1983*

Finally, Defendants argue that Counts I, III, and IV of the complaint should be dismissed because Plaintiff has failed to allege that the complained-of constitutional violations resulted from a policy or custom of the Sheriff's Office, as required for governmental liability under § 1983.   These counts, however, assert claims against the Sheriff under Florida law, not under § 1983.   Plaintiff's § 1983 claims, set forth in Counts II and V, are brought only against Cloud in his individual capacity.   The motion to dismiss is denied as to this ground.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants', Chad Chronister and David Cloud, Motion to Dismiss" (Doc. 3) is **GRANTED**.

2. The complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons set forth in this Order.   Plaintiff is directed to file an amended complaint to correct the deficiencies identified in this Order on or before June 8, 2022.   Failure to file an amended complaint as directed will result in this Order becoming a final judgment.   *See Auto. Alignment & Body Serv.,*

*Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 25th day of May, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**