## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BABAK PAYROW,

      Plaintiff,

v.                                                     Case No. 8:22-cv-520-TPB-JSS

CHAD CHRONISTER, in his official
capacity as Sheriff of Hillsborough
County, and DAVID CLOUD, in his
individual capacity,

      Defendants.

_____/

## ORDER DENYING "DEFENDANTS', CHAD CHRONISTER AND DAVID CLOUD, MOTION TO DISMISS AMENDED COMPLAINT"

      This matter is before the Court on "Defendants', Chad Chronister and David Cloud, Motion to Dismiss Amended Complaint," filed on June 17, 2022.   (Doc. 19). Plaintiff filed a response in opposition on July 20, 2022.   (Doc. 24).   Upon review of the motion, response, court file, and record, the Court finds as follows:

## Background[1]

      Plaintiff Babak Payrow alleges that on November 29, 2017, he was waiting for a ride near his home.   Defendant David Cloud, a law enforcement officer

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

employed by the Hillsborough County Sheriff's Office, drove his patrol car past Plaintiff.   Plaintiff began to walk home because his transportation had not arrived. Cloud performed a U-turn, approached Plaintiff from behind, and shone a spotlight on Plaintiff, causing him to turn around.   Cloud emerged from his patrol car, assumed a "tactical" position, and ordered Plaintiff not to move.   When Plaintiff began to move towards his home and Cloud, Cloud shot Plaintiff.   Emergency medical responders took Plaintiff to a hospital.

Plaintiff further alleges that, based on Cloud's assertion that Plaintiff moved rapidly toward him brandishing a knife or screwdriver, which Plaintiff denies, Plaintiff was arrested, booked, and charged with aggravated assault on a law enforcement officer and attempted murder of a law enforcement officer.   The State entered a *nolle prosequi* as to the assault charge, and Plaintiff was acquitted after a jury trial on the attempted murder charge.   Plaintiff sustained permanent injury from the shooting and was in custody for two years leading up to the trial.

Plaintiff sued Cloud in his individual capacity and Chad Chronister, the Hillsborough County Sheriff, in his official capacity as head of the Hillsborough County Sheriff's Office (the "Sheriff").   The amended complaint alleges claims for excessive force under Florida law against the Sheriff (Count I), unnecessary/excessive force under 42 U.S.C. § 1983 against Cloud (Count II), false arrest under Florida law against the Sheriff (Count III), false imprisonment under Florida law against the Sheriff (Count IV), and false arrest under § 1983 against Cloud (Count V).   Defendants have moved to dismiss.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Judicial Estoppel*

Defendants first argue that the amended complaint should be dismissed based on judicial estoppel.   Judicial estoppel prevents a party from taking a position in current litigation inconsistent with the same party's position in an earlier litigation.   *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).   To allow parties to change positions based on the exigencies of the moment would undermine the integrity of judicial proceedings.   *See McKinnon v. Blue Cross & Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir. 1991); *Helson v. Nuvell Fin. Serv. Corp.*, No. 8:05-cv-1788-EAK-MAP, 2006 WL 1804583, at *2 (M.D. Fla. June 27, 2006). Defendants have submitted evidence that Plaintiff testified in his criminal trial that another individual, and not Officer Cloud as alleged in the amended complaint, shot him in November 2017.

Defendants' judicial estoppel argument may have merit, but the Court declines to address it because judicial estoppel is an affirmative defense requiring consideration of matters outside the pleadings, and is therefore not appropriate for a motion to dismiss.   *See, e.g.*, *Allen v. Senior Home Care, Inc.*, No. 14-81408-CIV, 2015 WL 1097408, at *2 (S.D. Fla. Mar. 11, 2015).   Defendants may raise judicial estoppel as an affirmative defense and move for summary judgment.   Accordingly, Defendants' motion to dismiss is denied as to this ground.

***Shotgun Pleading***

Defendants argue that Count I of the amended complaint violates the rule against shotgun pleadings.   This count asserts a claim for excessive force against the Sheriff under Florida law, but Defendants argue it contains two different excessive force theories: an "assault" theory, alleging that Plaintiff was "placed in reasonable apprehension of immediately receiving significant injury," and a "battery" theory, alleging that Cloud shot Plaintiff.   Defendants argue that Count II, which alleges a claim of excessive force against Cloud under § 1983, suffers from the same defect.   *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (holding that the shotgun pleading rule is violated when a complaint fails to separate each cause of action or claim for relief into a separate count).

This shotgun pleading argument could have been raised in Defendants' motion to dismiss directed to the original complaint, but was not.   *See, e.g., United Fire & Cas. Co. v. Progressive Express Ins. Co.*, No. 6:19-cv-1049-Orl-41EJK, 2020 WL 11421205, at *2 (M.D. Fla. June 15, 2020) (explaining that Rule 12(g)(2) precludes a defendant from raising new grounds for dismissal that were available when the defendant previously moved to dismiss).   While the Court has the inherent authority to require repleading of shotgun complaints *sua sponte*, *see, e.g.*, *Thetford v. Hoover City of Graves*, 619 F. App'x 986, 987 (11th Cir. 2015), it will not do so here, for two reasons.   First, it is unclear whether assault and battery constitute separate causes of action or claims for relief in an excessive force case

such as this.    *See, e.g., Pena v. Marcus*, 715 F. App'x 981, 988 (11th Cir. 2017) ("To determine whether an officer's actions are an *assault and battery*, courts inquire whether the officer's use of force was reasonable.") (emphasis added).    Second, Plaintiff's reference to both assault and battery in each of these counts does not create any substantial confusion or prevent Defendants from understanding the claims against them or framing their responses.    *See, e.g., Davis v. Boston Scientific Corp.*, No. 2:17-cv-682-FtM-38CM, 2018 WL 2183885, at *3 (M.D. Fla. May 11, 2018); *Martinez v. Deutsche Bank Nat. Tr. Co.*, No. 5:11-cv-580-Oc-10TBS, 2012 WL 834115, at *3 (M.D. Fla. Mar. 13, 2012).    Accordingly, Defendants' motion is denied as to this ground.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants', Chad Chronister and David Cloud, Motion to Dismiss Amended Complaint" (Doc. 19) is **DENIED**.

2. Defendants are directed to file their answers to the amended complaint on or before September 23, 2022.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 24th day of August, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**