# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BABAK PAYROW,

    Plaintiff,

v.                                               Case No. 8:22-cv-520-TPB-JSS

CHAD CHRONISTER, in his official
capacity as Sheriff of Hillsborough
County, and DAVID CLOUD, in his
individual capacity,

    Defendants.
_____/

## ORDER GRANTING "DEFENDANTS' MOTION TO FILE EXHIBITS UNDER SEAL"

This matter is before the Court on "Defendants' Motion to File Exhibits Under Seal." (Doc. 54). Upon review of the motion, court file, and record, the Court finds as follows:

Defendants request that certain exhibits they plan to file in connection with forthcoming summary judgment motions be filed under seal because they contain medical and mental health information relating to Plaintiff, including mental health evaluations, diagnoses, and treatment, that is confidential pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1301 *et seq.*, and other applicable law. Courts have found that this type of information implicates a party's legitimate privacy interests and can support filing under seal.

*See, e.g., Pena v. Marcus*, No. 6:15-cv-69-Orl-18TBS, 2016 WL 10891560, at *2 (M.D. Fla. Nov. 4, 2016).

Upon review, and for good cause shown, the Court finds that the following items identified in Defendants' motion may be filed under seal:

```
Exhibit 4: Plaintiff's Deposition Testimony from 2/17/23 in 8:22-CV-520
Exhibit 5: Composite Documents from 15-CF-13590A
Exhibit 6: Armor/Naphcare Documents
Exhibit 7: Gracepoint Documents
Exhibit 12: HCSO Report 2013-27786
Exhibit 13: HCSO Report 2014-23797
Exhibit 14: Springfield Hospital Center Documents
Exhibit 15: Plaintiff's Interrogatory Answers
Exhibit 17: St. Joseph's Hospital Medical Documents
Exhibit 19: HCFR Document
Exhibit 22: HCSO Report 2014-215399
Exhibit 24: Filings from 2017-CF-17656A
Exhibit 25: Forensic Psychological Evaluation by Dr. Gamache
Exhibit 26: Forensic Psychological Evaluation by Dr. Iler
Exhibit 28: HCSO UDF Powerpoint
Exhibit 30: HCSO Report 13-433660
Exhibit 31: HCSO Report 12-41802
```

This Order is based on Defendants' description of the items to be sealed. The Court notes, however, that filing information under seal is disfavored, and the Local Rules limit a party's ability to file information under seal to "compelling" circumstances.   *See* Local Rule 1.11; *Verma v. Mem. Healthcare Group, Inc.*, No. 3:16-cv-427-J-25JRK, 2017 WL 8315889, at *1 (M.D. Fla. May 2, 2017). Accordingly, the Court may unseal materials if upon further review Court

determines that sealing is inappropriate.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants Motion to File Exhibits Under Seal" (Doc. 54) is **GRANTED**.

2. The Clerk is directed to accept for filing under seal the exhibits identified above, and to maintain these documents under seal.

3. Plaintiff, Plaintiff's attorneys, Defendants, and Defendants' attorneys may retrieve or review sealed items to the extent necessary.

4. Absent a further order of the Court, the seal will remain in effect until 90 days after this case is closed and all appeals have been exhausted.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 27th day of October, 2023.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**